In the Matter of George N. Boehm.— Reference ordered.   Order to be settled on notice.

In the Matter of Bronx Sales Room.— Order signed and filed.

In the Matter of Frank H. Cothren.— Referee's report confirmed.

---

## FOURTH DEPARTMENT, JULY, 1911.

In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, Respondents, for the Appointment of Commissioners to Ascertain the Compensation to Be Paid to the Owners of and Parties Interested in Lands Proposed to Be Taken in Fee for Street Purposes, and Claimed to Be Owned by WARREN H. BRUSH and Others and THE ERIE RAILROAD COMPANY, Appellant.  (Proceeding No. 90.)

*Eminent domain — damages.*

Appeal by The Erie Railroad Company from an order of the Supreme Court, entered in the Erie county clerk's office on the 20th day of September, 1910, denying a motion to have the report of the commissioners sent back with instructions to separate the award into the cost of land taken and the damage to certain property, and also from an order entered on the 4th day of August, 1910, confirming the report of the said commissioners.

Orders reversed, with ten dollars costs and disbursements, and report set aside and remitted to the commissioners, and they are directed to separate the award made by them so as to show the cost of the land taken and the amount of consequential damages sustained by the landowners by reason of the carrying out of the improvement directed to be made.  All concurred, except Kruse, J., who dissented in a memorandum.

KRUSE, J. (dissenting): I think the land damages excepted from the provisions of the 12th paragraph and covered by the 15th paragraph of the contract relate to consequential damages to real estate where no land is taken.   Under the Grade Crossing Act, where lands abut the street, where the improvement is made, the damages thereto are recoverable although no land is taken.  (*Matter of Grade Crossing Commissioners*, 154 N. Y. 550; *Matter of Grade Crossing Commissioners*, 166 id. 69, 73.)  Here, a part of an entire tract was taken, and as it seems to me, the land damage was merely incidentally involved.   The difference in value between the entire tract, brick yard and all as it was before any was taken, and the value of what was left was the measure of damages. (*Matter of Grade Crossing Commissioners*, 6 App. Div. 327; *Matter of Grade Crossing Commissioners*, 59 id. 498; *Matter of Grade Crossing Commissioners*, 116 id. 549; *Matter of Grade Crossing Commissioners*, 166 N. Y. 69, 74.)  It is true that the question of damage to the remainder was inquired about, and that is always so where land is taken.   The entire tract was owned by the Brush heirs, and the damages stipulated at a fixed sum and awarded to the holder of the mortgage which covered the tract.   I think both orders should be affirmed, the one confirming the report as well as the order of